NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**KONINKLIJKE PHILIPS N.V.,**
*Appellant*

**v.**

**ANDREI IANCU, UNDER SECRETARY OF COMMMERCE FOR INTELLECTUAL PROPERTY AND DIRECTOR OF THE UNITED STATES PATENT AND TRADEMARK OFFICE,**
*Intervenor*

---

2019-2040

---

Appeal from the United States Patent and Trademark Office, Patent Trial and Appeal Board in No. IPR2018-00023.

---

Decided:  November 17, 2020

---

JUSTIN J. OLIVER, Venable LLP, Washington, DC, argued for appellant.  Also represented by DANIEL S. GLUECK.

MOLLY R. SILFEN, Office of the Solicitor, United States Patent and Trademark Office, Alexandria, VA, argued for intervenor.  Also represented by THOMAS W. KRAUSE,

FARHEENA YASMEEN RASHEED, MAUREEN DONOVAN QUELER.

———————————

Before PROST, *Chief Judge*, DYK and WALLACH, *Circuit Judges.*

PER CURIAM.

The Patent Trial and Appeal Board ("Board") instituted inter partes review of claims 1–12 of U.S. Patent No. 6,690,387, owned by Koninklijke Philips N.V. ("Philips"). The Board concluded that the challenged claims were unpatentable. Philips appealed.

Philips argues that, in deciding to institute inter partes review, the Board "incorrectly applied" its own precedent relating to fairness in rendering institution decisions, and that such "[m]isapplication of the [United States Patent and Trademark Office's] own fairness standard violates the Due Process Clause and [amounted to arbitrary and capricious agency action under the] Administrative Procedure[] Act" ("APA"). Reply Br. 1. Specifically, Philips argues that the Board misapplied *General Plastic Industrial Co. v. Canon Kabushiki Kaisha*, No. IPR2016-01357, 2017 WL 3917706 (P.T.A.B. Sept. 6, 2017), as confirmed by *Valve Corp. v. Electronic Scripting Products, Inc.*, No. IPR2019-00062, 2019 WL 1490575 (P.T.A.B. Apr. 2, 2019). *See, e.g.*, Reply Br. 4. Philips also disputes the merits of the Board's final written decision.

We lack jurisdiction to entertain Philips's APA challenge, which amounts to an appeal of the Board's decision "whether to institute an inter partes review." 35 U.S.C. §314(d); *see Thryv, Inc. v. Click-to-Call Techs., LP*, 140 S. Ct. 1367, 1370–74 (2020); *Cuozzo Speed Techs., LLC v. Lee*, 136 S. Ct. 2131, 2136, 2139–42 (2016). We also conclude that Philips does not advance a colorable due process challenge to the institution decision.

As to Philips's challenge to the Board's invalidity determination, we have jurisdiction under 28 U.S.C. § 1295(a)(4)(A). We affirm the Board's decision as supported by substantial evidence and otherwise in accordance with the law. Accordingly, we affirm-in-part and dismiss-in-part.

**AFFIRMED-IN-PART AND DISMISSED-IN-PART**